# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD YANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV00833 MLM |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Richard Yang (registration no. 1037144), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.55. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $6.25, and an average monthly balance of $72.77. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.55, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Correctional Medical Services ("CMS"); Missouri Department of Corrections ("MDOC"); Potosi Correctional Center ("PCC"); William McKinney (CMS medical staff); Lisa Spain (CMS medical staff); Tracy Allison (CMS medical staff); Kimberly Randolph (CMS medical staff); Jewel Cofield (CMS official); Michael Sands (CMS official); Cindy Schupp (CMS official); Fred Johnson (correctional officer); and Robert Savage (correctional officer). Plaintiff seeks monetary damages in the amount of four million dollars.

Plaintiff alleges that for the past four years he has suffered neck pain from a pinched nerve. Plaintiff disagrees with the treatment offered by the CMS medical staff and claims that they have not "taken effective acts to alleviate [his] pain." Plaintiff asserts that when he filed an "appeal" regarding his disagreement with his medical treatment, it was denied by CMS officials Cofield, Sands and Schupp. Plaintiff asserts that MDOC officials Johnson and Savage also denied his grievance on the matter and defendants Spain, Randolph and Allison denied an IRR.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality

was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Even if plaintiff had alleged capacity in this lawsuit, his claims would still be subject to dismissal. The complaint fails to state a claim against MDOC and PCC because neither entity is a "person" exercising state power. E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, plaintiff's claims against Cofield, Sands, Schupp, Johnson, Savage, Spain, Randolph and Allison for their denials of his appeals, grievances and IRRs are subject to dismissal because "[o]nly persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted).

Lastly, as stated, plaintiff has not alleged deliberate indifference to his medical needs. Although a prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment, Alberson v. Norris, 458 F.3d 762, 765-66 (8th Cir. 2006), a prima facie case alleging deliberate indifference requires the inmate-plaintiff to demonstrate that he suffered from an objectively serious medical need and the "prison officials actually knew of but deliberately disregarded" that need. Id. For a claim of deliberate

indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff's complaints center around his disagreement with the treatment he has received, thus, they do not state a claim under the Eighth Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.55 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th Day of June, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE